SHOWE, APPELLANT, *v.* TOWNE PROPERTIES, LTD. ET AL., APPELLEES; GRUETER.■

(No. C-880676—Decided November 15, 1989.)

*Cash, Cash, Eagen & Kessel* and *Melvin J. Kessel,* for appellant.

*Smith & Schnacke, Leon L. Wolf* and *J. L. Sallee, Jr.*; and *Donald E. Schneider,* for appellees.

*Per Curiam.* Plaintiff-appellant, David M. Showe, filed a complaint against Maria M. Grueter demanding specific performance of a contract to sell property. Showe later filed an amended complaint adding Towne Properties, Ltd., Towne Building Group, Inc., and trustee Janet Ziegler as defendants claiming tortious interference with the contract to sell property. Showe demanded specific performance of the contract or compensatory and punitive damages. The trial court granted summary judgment in favor of Ziegler, Towne Properties and Towne Building Group (collectively "appellees"). Showe appealed.

On appeal, Showe argues, in a single assignment of error, that the trial court improperly granted summary judgment on behalf of appellees. For the reasons expressed herein, we find no error and affirm the judgment of the trial court.

On January 9, 1986, Showe and Grueter entered into a contract granting Showe an option to purchase certain property for $25,000, with the option expiring on July 15, 1986. An extension on the option was obtained in consideration of $1,000, extending the time to purchase to December 15, 1986. Showe then requested an exten-

sion on the option to May 31, 1987, which Grueter refused. However, Grueter's attorney informed Showe that Grueter would agree to a one-month extension in consideration of $500. Showe issued a check, but Grueter never cashed it.

On December 22, 1986, Grueter's attorney notified Showe that if he wanted to purchase the property he had until December 31, 1986. Showe indicated that he wished to purchase the property and agreed on the date. Grueter's attorney postponed the closing on the property until January 2, 1987, and later cancelled it. Showe filed his complaint against Grueter on January 16, 1987.

In January 1987, appellees entered into a contract with Grueter to purchase the property. A title examination was completed prior to the commencement of Showe's lawsuit. Upon inquiring at City Hall regarding the "buildability" of the property, appellees learned of Showe's interest in the property.

The closing on the sale of the property was held on February 13, 1987, after appellees had been informed that Showe's option to purchase had expired. During the closing, a paralegal was sent to update the title examination. However, she failed to find a reference to the lawsuit filed by Showe.

After the closing, appellees received a letter from Showe indicating that he had exercised his option, but that Grueter refused to convey the property. On February 16, 1987, appellees learned of the lawsuit filed by Showe. The suit was entered as a memorial upon the registered land certificate of title on March 11, 1987.

Showe argues that summary judgment was improperly granted because a genuine issue of material fact exists regarding whether appellees took the certificate of title to the registered land in good faith. See Civ. R. 56(C); *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274 (setting forth the requirements for summary judgment). R.C. 5309.28 provides, in pertinent part, that "every subsequent purchaser of registered land, who takes a certificate of title for value and in good faith, shall hold such land free from all estates, encumbrances, and rights except those noted on the certificate * * *." According to Showe, appellees had actual knowledge of his interest in the property and, therefore, they had a duty to inquire about the existence of his lawsuit. Showe concludes that whether appellees' actions were sufficient to constitute good faith under R.C. 5309.28 is a genuine issue of material fact which remains to be litigated. We conclude that R.C. 5309.28 is a general statute which is excepted by R.C. 5309.58, which specifically addresses *lis pendens*.

R.C. 5309.58 provides, in pertinent part, the following:

"No suit, action, or proceeding, pending in any court, affecting registered land or any interest therein or charge upon such land is lis pendens, or notice to any person dealing with such land, until a certificate of the pendency of such suit, bill, or proceeding, under the hand and official seal of the clerk of the court in which it is pending, is filed with the county recorder, and a memorial thereof entered by him upon the last registered certificate of title to the land to be affected. * * *"

Showe entered his lawsuit as a memorial on the certificate of title to the property on March 11, 1987. Appellees purchased the property on February 13, 1987, with no notice of Showe's lawsuit under R.C. 5309.58.

Showe failed to memorialize his interest in the registered land prior to appellees' purchase of the property.

Pursuant to R.C. 5309.58, appellees had no notice of the pending suit and, therefore, took the property in good faith and free from Showe's interest in it. The trial court properly granted summary judgment on behalf of appellees.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., KLUSMEIER and UTZ, JJ., concur.